NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—July, 1886.

MATTER OF BROWN.

*In the matter of the estate of* ANN T. BROWN,
*deceased.*

Where one who is executor of a will sells the testator's real property
under a power, conferred upon him by that instrument personally
and not as executor, he should not include the proceeds of sale in his
official account, nor are the same chargeable with executorial commis-
sions.

HEARING of objections to account of executor,
filed in proceedings for judicial settlement.

JAMES R. MARVIN, *for executor.*

BENJAMIN T. KISSAM, *for heirs and next of kin.*

THE SURROGATE.—Mr. Hamilton, whose accounts
as executor of this estate are now before the Surro-
gate for settlement, has derived, in his capacity of
executor, no power or authority over the real estate
devised by the testatrix. That portion of such real
estate which she derived from her husband's will is
given directly to her children and their issue. The
portion not so acquired is devised to this accounting
party personally, not as executor but in trust for
purposes designated by the will. He has disposed of
the latter property by virtue of power of sale which
the will confers upon him. The proceeds of such
sale he has included in the account now before him,

and upon such proceeds he claims commissions as executor. As I have, already intimated, his trust with respect to this real estate is of a purely personal nature. It is not one that is attached to the office of executor. The proceeds of such real estate have not, by virtue of any of the provisions of the will, come into the hands of the executor as such, should not have been included in his account, and are not chargeable with executor's commissions.